## CHEYNEY v. CHEYNEY.

1. JUDGMENT—DIVORCE—SERVICE—OPENING DEFAULT — DECREE— EQUITY.

    A decree for divorce obtained on substituted service, set aside on affidavit of the defendant and on an order opening his default and permitting him to file an answer, after the filing of which complainant dismissed her bill, is not a valid, subsisting decree for divorce.

2. DIVORCE—EXTREME CRUELTY.

    *Held* that evidence offered by complainant against the defendant, her husband, in proceedings for divorce, did not warrant a decree on the ground of extreme cruelty.

Appeal from Wayne; Donovan, J. Submitted October 27, 1910. (Docket No. 132.) Decided December 7, 1910.

Bill by Elmira W. Cheyney against John Passmore Cheyney for divorce. From a decree dismissing the bill, complainant appeals. Affirmed.

*James H. Pound,* for complainant.

*Stellwagen & MacKay,* for defendant.

MOORE, J. This is a proceeding brought to obtain a decree of divorce upon the ground of extreme cruelty. Desertion is also charged. The court made a decree as follows:

"This cause was duly brought on to be heard upon the bill of complaint filed therein, the answer, and the plea to the jurisdiction of said defendant, and upon proofs taken in open court. And, the court being fully advised in the premises, and after hearing arguments by counsel for the respective parties, it is ordered, adjudged, and decreed, and this court, by virtue of the authority therein vested, doth order, adjudge, and decree, that the complainant's said bill of complaint be and the same is hereby dismissed without prejudice."

The case is brought here by appeal. The case is peculiar in many ways. We quote from the brief of the solicitor for the complainant:

"Complainant is in a peculiar situation, as shown by this record. After two proceedings in court, she does not know where she is legally. Whether she is married or not married; whether she is or can ever be a citizen of Michigan. She has had two trials or hearings where all legal rules seem to have been violated. She has been divorced and reinstated in her matrimonial state upon an *ex parte* showing, not by a petition for a rehearing or by a bill of review, and she has been turned out of court in the Wayne circuit court, in chancery."

It is urged by the solicitor for complainant that this court should hold, *first,* that the proceedings in Kent county resulted in a valid decree of divorce; or, *second,* if this cannot be done, that complainant in the subsequent proceeding in Wayne county made a case which entitles her to a decree of divorce. The testimony in the Wayne

circuit court was taken at intervals, and in a somewhat informal way. In the record returned to this court appears the following:

"(Title of Court and Cause.) In signing the record in this case on *ex parte* appearence of Mr. Pound, solicitor for complainant, it was expressly understood that both the letters of the complainant now fully identified as a part of the evidence in the case, and a certified copy of the court proceedings at Grand Rapids in the divorce case recently granted and set aside between the same parties be made, and they are each made a part of the record in this cause now in process of appeal to the Supreme Court, and I certify that the same were considered in the decision which I made herein, and I further certify that, by agreement of counsel on the hearing of this cause, the letters hereinbefore mentioned and certified copies of the proceeding of the Kent county circuit court, in chancery, were in evidence, and were considered by me before the decision of this case.

"J. W. DONOVAN, Circuit Judge."

A careful reading of the record establishes the following state of facts: The parties were married in Philadelphia in 1885. The defendant was a traveling man, and is still a traveling man. The complainant usually accompanied him from town to town. For many years they spent a good deal of time in Detroit, making their headquarters at the Hotel Cadillac, and later at the Addison. They lived together until about the 1st of April, 1908. The business of the defendant called him to Ohio. The complainant preferred to remain in Detroit for a time, and it was agreed she should do so. The defendant paid her bill at the hotel until the 1st of May, and gave her a check for $100, it being the agreement that she would meet him at the Colonial Hotel in Cleveland about the 1st of May. Between the 6th of April, 1908, when defendant went to Ohio, and the 30th of the same month, plaintiff wrote him at least 14 kind and affectionate letters, the last one of which ended as follows:

"I will stop now. I won't write again from Detroit.

I hate to give up these rooms, they are so bright and cheery. Love and kisses from Myra."

On the 30th of April the complainant wrote defendant from Buffalo a long letter of an entirely different character, giving him to understand she should not live with him, and making statements about herself which it is not necessary here to repeat. Instead of going to Ohio, she went to Grand Rapids and filed a bill of complaint for divorce, which was sworn to on the 2d day of July.

On the 3d day of July she made an affidavit in the cause to the effect that the defendant was not a resident of Michigan, but was a resident of Cleveland, Ohio. Based upon this affidavit an order was made for bringing in the defendant by publication, which order was published in the Caledonia News. Later upon an *ex parte* hearing a decree of divorce was granted to the complainant. As soon as defendant learned of this proceeding, he filed an affidavit in the Kent circuit court showing the situation from his viewpoint, and asking that the decree be set aside and for permission to file an answer in the case. The decree was set aside, and leave was given to file an answer. An answer was filed and served. From this order no appeal or other action was taken except that the complainant caused her bill of complaint to be dismissed in Kent county. The proceedings in Kent county being as we have stated, we think it very clear that complainant cannot now be heard to say that there is a valid decree of divorce.

After the proceeding in Kent county was discontinued by the complainant, this proceeding was commenced in Wayne county. Defendant answered, and denied in detail all the averments of the bill of complaint. He denied that complainant was a resident of the State, and that he was a resident of the State. He set out the proceedings in Kent county, and questioned the jurisdiction of the court. The complainant insists the Wayne county circuit court has jurisdiction to try the case, and that she has

established upon the merits the case stated in her bill of complaint. Defendant denies both propositions.

We think it unnecessary to discuss the question of jurisdiction. The conduct of the complainant, as disclosed by her testimony and her letters, is utterly inconsistent with the claim stated in the bill of complaint. Without reciting the testimony, we think complainant failed to make a case.

The decree of the court below is affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.